IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANA ROSS STEGALL, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   CIVIL ACTION 06-00841-BH-B |
| | ) |
| SHERIFF JIMMY JOHNSON, *et al.*, | ) |
| | ) |
|     Respondents. | ) |

**REPORT AND RECOMMENDATION**

This is an action brought pursuant to 28 U.S.C. § 2254 by an Alabama prison inmate, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  Because Petitioner has failed to prosecute and to comply with the Court's Orders, it is recommended that this action be dismissed without prejudice.

Petitioner filed his petition for habeas relief on December 11, 2006 (Doc. 1) and subsequent thereto, paid the required $5.00 filing fee (Doc. 3).  On December 3, 2007, the Court entered an Order (Doc. 6) directing Petitioner to file, by January 3, 2008, an amended petition containing claims based only on one conviction. (Doc. 6).  See Rule 2(e), Rules Governing § 2254 Cases in the United States District Courts (a separate petition must be filed for each judgment of a state court.) Accordingly, the Clerk was directed to send Petitioner the Court's form for a habeas petition

1

pursuant to 28 U.S.C. § 2254.  On December 10, 2007, the Court's Order directing Petitioner to refile his petition and the Court form were returned to the Court as undeliverable[1]. (Doc. 7).  As a result, Court officials contacted the Baldwin County Corrections Center and learned that Petitioner was transferred to the Fairhope City Jail.  Accordingly, the Court issued an Order dated January 15, 2008 (Doc. 8), wherein the time for Petitioner to respond to the Court's December 3, 2007 Order was extended to February 15, 2008.  In addition, the Clerk was directed to forward to Petitioner at his new address a copy the Court's December 3, 2007 Order (Doc. 6), together with a copy of the Court's Order dated January 15, 2008 (Doc. 8).  On February 1, 2008, both of the Court's Orders along with the Court's required form for a habeas petition were returned as undeliverable[2]. (Doc. 9).  To date, Petitioner has not refiled his habeas petition, nor has he filed a Notice of Change of Address with the Court.

Due to Petitioner's failure to comply with the Court's Orders, including keeping the Court appraised of him current address,  and his failure to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule

---

[1] The notation on the envelope reads: "RETURN TO SENDER NOT AT THIS ADDRESS". (Doc. 7)

[2] The notation on the envelope reads: "Return to Sender  Not at this address any longer." (Doc. 9)

41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. <u>Link v. Wabash R. R.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>, 41 F.3d 1454, 1456-57 (11th Cir. 1995); <u>Mingo v. Sugar Cane Growers Co-op</u>, 864 F.2d 101, 102 (11th Cir. 1989); <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985); <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983). <u>Accord</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **20th** day of **February, 2008**.

                                          /s/ SONJA F. BIVINS
                                     **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    　　　　　　　　　　　　　　　　　　**/s/ SONJA F. BIVINS**
    　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**